UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>                                 Plaintiff,<br><br>             -v.-<br><br>PRESERVE MILANO'S INC. and E. HOUSTON PROPERTY OWNER LLC,<br><br>                                 Defendants. | 23 Civ. 09820 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

On November 6, 2023, Plaintiff Ricardo Velasquez filed the Complaint in this case. *See* ECF No. 1. Defendants Preserve Milano's Inc. and E. Houston Property Owner LLC were served on November 20, 2023. *See* ECF Nos. 8, 9. Their responses to the Complaint were therefore due on December 11, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Neither Defendant has responded to the Complaint or otherwise appeared.

On December 26, 2023, the Court issued an Order to Show Cause directing Plaintiff, "by no later than **January 5, 2024**, [to] move for a default judgment against Defendants or show cause why this action should not be dismissed for failure to prosecute." ECF No. 10 at 1 (emphasis in original). The Court cautioned Plaintiff that **"[f]ailure to submit a timely and proper motion for default judgment may result in dismissal without prejudice of this case."** *Id.* (emphasis in original).

On January 5, 2024, Plaintiff filed a letter representing that he had "deliver[ed] the Complaint and Summons to the . . . . Department of State, who [will] serve the Defendants via Certified Mail." *See* ECF No. 12. According to Plaintiff, "service of process through the Department of State . . . . has been behind schedule or backlogged by 8 or more weeks," and

Plaintiff "therefore request[ed] the Court for an extension of time of 30 days to allow for Defendants to appear and respond to the Complaint." *Id.*  Magistrate Judge Figueredo, to whom this matter was referred for general pretrial purposes, granted Plaintiff's requested 30-day extension.  *See* ECF No. 13.

On February 5, 2024, Plaintiff filed a letter seeking another "30 days to allow for Defendants to appear and respond to the Complaint," stating that he had "re-served the Complaint and Summons through an independent private process server to ensure that the Defendants would get served" and was "await[ing] [a] response from the Defendants to this [attempted] service."  *See* ECF No. 14.  Judge Figueredo granted Plaintiff's application, extending to March 6, 2024 Defendants' deadline to appear and respond to the Complaint.  *See* ECF No. 15.  Neither Defendant has done so.

On March 13, 2024, the Court issued an Order directing Plaintiff, for a second time, to "show cause why this case should not be dismissed for failure to prosecute."  ECF No. 16 at 2.  The Court warned Plaintiff that if he **"'fail[ed] to move for a default judgment by [March 19, 2024], the case w[ould] be dismissed without prejudice' pursuant to Federal Rule of Civil Procedure 41(b)."**  *Id.* (emphasis in original) (quoting *Reyes v. Kafana LLC*, 22 Civ. 07550 (JGK) (S.D.N.Y. Dec. 19, 2022) (after having previously granted plaintiff multiple extensions of defendant's deadline to appear and answer, ordering plaintiff to seek a default judgment, otherwise "the case w[ould] be dismissed")).  In addition, the Court cautioned, "Plaintiff is on notice that he is ultimately responsible for prosecuting his case, and his case against Defendant may be dismissed because of his chosen counsel's failure to prosecute his case."  *Id.* at 2-3 (quoting *Girotto v. Dust of Gods NY LLC*, 23 Civ. 08732 (MKV) (S.D.N.Y. Jan. 11, 2024)).

Despite the Court's admonitions, Plaintiff did not move for a default judgment in accordance with the Court's March 13 Order.  Instead, on March 18, 2024, Plaintiff filed a letter

2

that largely rehashed his prior representations.  *See* ECF No. 17.  As in his previous letters, he stated that he had unsuccessfully "attempted to contact [Defendants] recently," and asked for yet another extension—this time, of 45 days—to "permit time for the Defendants to contact [defense counsel], hire an attorney and make their appearance in this matter."  *Id.*

As Plaintiff "'fail[ed] to move for a default judgment by [March 19, 2024], the case [is] dismissed without prejudice' pursuant to Federal Rule of Civil Procedure 41(b)."  ECF No. 16 at 2 (citation omitted).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: March 25, 2024
      New York, New York

*[signature]*
JENNIFER H. REARDEN
United States District Judge

3